UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CAITLIN ANN WOLF | CIVIL ACTION NO. |
| VERSUS | |
| ROGER CALVIN LOOPER, II AND ASCENSION PARISH SHERIFF'S DEPT. | 19-806-JWD-EWD |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 13, 2020.

*Erin Wilder-Doomes*

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

Certified Mail Receipt 7004 1160 0003 2648 6178

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAITLIN ANN WOLF** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **19-806-JWD-EWD** |
| **ROGER CALVIN LOOPER, II AND ASCENSION PARISH SHERIFF'S DEPT.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Caitlin Ann Wolf ("Wolf"), *proceeding pro se* and *in forma pauperis,* filed a Complaint against Roger Calvin Looper, II and the Ascension Parish Sheriff's Department ("Defendants") on October 21, 2019.[1] The Court scheduled a hearing in this matter for December 12, 2019 pursuant to *Spears v. McCotter*[2] and ordered Wolf to personally appear.[3] Wolf was advised that her failure to appear at the *Spears* hearing could result in the dismissal of this action without further notice. Notice of the hearing was sent to Wolf via certified mail, return receipt requested, which she received on November 29, 2019.[4] However, Wolf failed to appear for the December 12, 2019 hearing and did not contact the Court to explain her failure to appear.

On December 13, 2020, the Court set a show cause hearing for January 22, 2020, ordering Wolf to appear and show cause as to why her claims should not be dismissed for failure to comply with the Court's November 25, 2019 Order setting the *Spears* hearing.[5] Further, Wolf was advised that her failure to appear at the January 22, 2020 hearing could result in the dismissal of this action

---

[1] R. Doc. 1. Plaintiff filed her Complaint in the United States District Court for the Western District of Michigan, and her application to proceed *in forma pauperis* was granted while the matter was pending there. R. Doc. 5. On November 21, 2019, the matter was transferred to this Court. R. Docs. 13-14.
[2] 766 F.2d 179 (5th Cir. 1985).
[3] R. Doc. 15.
[4] R. Doc. 16.
[5] R. Doc. 15.

without further notice. Wolf was sent a copy of the December 13, 2019 Order setting the show cause hearing by certified mail, return receipt requested, at her address of record on PACER.

On January 13, 2020, the Court received notice that the December 13, 2019 Order that was sent to Wolf via certified mail was returned as unclaimed and unable to forward.[6] On January 22, 2020, Wolf did not appear for the show cause hearing, which was held open for 15 minutes.[7] Wolf has failed to provide her current address to the Court, contact the Court regarding her failure to appear for the scheduled hearings, or otherwise prosecute this matter.

Local Civil Rule 41(b)(4) provides that "failure of an attorney or pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute, when a notice is returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." Dismissal under this Rule "shall be without prejudice." Local Civil Rule 41(b)(3). More than thirty days have passed since mail to Wolf was returned as undeliverable and no address correction has been provided.

Additionally, Fed. R. Civ. P. 41(b) provides for dismissal when a plaintiff "fails to prosecute or to comply with these rules or a court order. . . ." A district court may dismiss a case *sua sponte* under Rule 41(b) with or without notice to the parties.[8] Wolf has failed to prosecute this action as she has not filed anything into the record since the Complaint almost 9 months ago and she has failed to follow the Court's orders to appear for the *Spears* hearing and show cause hearing.

---

[6] R. Doc. 18.
[7] *See* R. Doc. 19.
[8] *See Boudwin v. Graystone Ins. Co., Ltd*., 756 F.2d 399, 401 (5th Cir. 1985).

**RECOMMENDATION**

**IT IS THE RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE**, with reinstatement allowed within 30 days for good cause shown, for Plaintiff Caitlin Ann Wolf's failure to comply with Court Orders and appear for the scheduled *Spears* hearing and show cause hearing.

**IT IS ORDERED** that the Clerk of Court is to provide this Magistrate Judge's Report and Recommendation to Plaintiff Caitlin Ann Wolfe, via certified mail, return receipt requested to her last address of record at 71611 M-43 Apt. 6, South Haven, MI 49090

Signed in Baton Rouge, Louisiana, on July 13, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**